IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| SAM CALLAS, | CASE NO. 13-43900 |
| DEBTOR. / | |
| MICHAEL K. DESMOND, not individually but as Chapter 7 Trustee for the bankruptcy estate of SAM CALLAS, | ADVERSARY PROCEEDING CASE NO. 15-00140 |
| PLAINTIFF, vs. | |
| AMERICAN EXPRESS CENTURION BANK INC., | |
| DEFENDANT. / | |

### SUPPLEMENTAL AFFIDAVIT OF AMERICAN EXPRESS CENTURION BANK IN SUPPORT OF SUMMARY JUDGMENT

I, Sean Hamilton, the undersigned, affirm and state the following:

1. I am the Assistant Custodian of Records for the Defendant, American Express Centurion Bank ("Defendant" or "American Express"), a Utah chartered financial institution and wholly owned subsidiary of American Express Travel Related Services Company, Inc., a New York corporation which is wholly owned by American Express Company, a New York corporation which is publicly owned and traded, existing under and by virtue of the laws of the United States and registered to conduct business in the State of Illinois.

2. I am an Assistant Custodian of Records of the books, records, and files of American Express as those records pertain to bankrupt accounts.

3. I have been employed with American Express since 1996 and have been an Assistant Custodian of Records for American Express since 2010 and have testified in that capacity on numerous occasions.

4. I have knowledge of the record keeping policies and procedures of American Express as they relate to bankrupt accounts and have knowledge of the card products issued and maintained by American Express.

5. I am above the age of majority and am qualified and authorized to execute this Affidavit in the capacity so indicated as an act of American Express.

6. The books and records of American Express pertaining to the Rewards Plus Gold Card Account No. ****-******-*6008 ("Account 1") held by Sam Callas (the "Debtor") herein are under my care, custody and control.

7. The books and records of American Express reflect the following with regard to Account 1:

   a. On July 17, 2013, the books and records of American Express reflect that the Debtor incurred a charge on Account 1 in the amount of $30,000.00 (the "Charge").

   b. American Express accepted the Charge and remitted payments thereon to the respective retailers or vendors, commensurate with the terms of agreements between American Express and those retailers or vendors.

   c. On or around October 8, 2013, the Debtor initiated a dispute with American Express in connection with the Charge (the "Debtor's Dispute").

   d. Upon receipt of the Debtor's Dispute request, a billing inquiry was opened by American Express.

e. As a result of the Debtor's Dispute, the Debtor was not required to remit payment to American Express for the Charge during the pendency of the billing inquiry.

f. The Debtor's Dispute was concluded in the ordinary course of business.

g. Attached hereto and incorporated herein by reference are redacted photocopies of the account statements for the relevant periods for Account 1 in support of the Charge and confirmation of the above referenced billing inquiry which were prepared by American Express in the regular course of business. The account statements for Account 1 were created from transactions reported to American Express at the time debits and credits were submitted to American Express by establishments, and/or when payments were received on Account 1. These account statements have been kept in the course of American Express' regularly conducted lending activities, and were made in the course of American Express' regularly conducted lending activities as a regular practice. Furthermore, the account statements are generated by computer from computerized records of transactions initiated at the point and time of use of Account 1. The stored transaction data has not been altered or tampered with.

h. The books and records of American Express reflect no knowledge of any transfer from the Debtor to any third-party.

i. Upon receipt of the October 24, 2013 payment in the amount of $39,800.00, American Express gave up its right to subsequently collect/recover this amount from the Debtor as a result of the reduction of the debt owed to American Express by that amount.

8. I have personal knowledge of the aforementioned facts and if called to testify could competently do so as to same.

Executed this 30th day of May, 2016 at Broward, FLORIDA.

I declare and affirm under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
SEAN HAMILTON
Assistant Custodian of Records

Sworn to and subscribed before me
this __30__ day of __MAY__, 2016.

_____
NOTARY PUBLIC
My Commission Expires:



TONI LAMANNA
Notary Public - State of Florida
My Comm. Expires Apr 26, 2018
Commission # FF 106338